UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSE MOREL,

      Petitioner,

                                      Criminal Case No.  02-80304

vs.                                 Civil Case No. 06-13917

UNITED STATES OF AMERICA,               HON. AVERN COHN

      Respondent.
_____/

**MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255**

I.  Introduction

This is a habeas case under 22 U.S.C. § 2255.  Petitioner Jose Morel (Petitioner) pled guilty under a Rule 11 agreement to conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and sentenced to 70 months imprisonment.  Petitioner did not file a direct appeal.

Before the Court is Petitioner's pro se motion under 28 U.S.C. § 2255 claiming that he is incarcerated in violation of his constitutional rights.  Petitioner specifically claims that his counsel coerced him into pleading guilty and failed to file an appeal on his behalf.  For the reasons that follow, the motion will be denied.

II.  Factual Background and Procedural History

On April 10, 2002, Petitioner along with four other defendants was charged with one count of conspiracy to possess with intent to distribute controlled substances (heroin).  On December 11, 2003, Petitioner plead guilty as charged under a Rule 11 agreement in which Petitioner agreed he would be responsible for 1 kilogram of heroin.

The Rule 11 agreement also provided that the government recommended no more than 78 months incarceration.  The Rule 11 agreement also stated:

> If the Court imposes a sentence equal to or less than the maximum sentence described in ¶ 2 of this agreement [78 months], defendant waives any right he may have to appeal his conviction or sentence, including any right under 18 U.S.C. § 3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the guidelines.

The presentence report calculated Petitioner's guidelines range of 70-87 months. On April 6, 2004, Petitioner filed a Sentencing Memorandum in which he essentially argued for the lowest possible sentence within the Court's discretion.  On April 30, 2004, the Court sentenced Petitioner to 70 months imprisonment, the low end of the guidelines and a Judgment was entered on that date.  An Amended Judgment was entered on May 7, 2004.  Petitioner did not file a direct appeal.

Petitioner then filed the instant motion.

### III.  Analysis

#### A.  General Standards

Title 28 U.S.C. § 2255 provides:

> "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

To prevail under § 2255, Petitioner must show a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. U.S., 368 U.S. 424, 428 (1962)).

2

B.  Statute of Limitations

The government argues that the motion is barred by the statute of limitations.  28 U.S.C. § 2255 imposes a one-year limitation that runs from the latest of four events, one of which is the date "on which the judgment of conviction becomes final."  Where, as here, a petitioner fails to file a direct appeal, the conviction becomes final ten days after entry of the judgment.  See Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004).  Here, Petitioner's Judgment was entered on April 30, 2004.  The one year statute of limitations began to run ten days later, on May 10, 2004.  Petitioner therefore had until May 10, 2005 in which to file his motion.

As the government points out, there is some confusion as when Petitioner filed his motion.  Petitioner's motion is docketed as filed on September 5, 2006, well beyond the one year time limit.  However, Petitioner's motion contains a letter from Petitioner dated August 1, 2006 in which he inquires as to the status of his motion and states that he mailed his motion on September 15, 2005.  The motion papers also contain a copy of a Certified Mail receipt indicating that Petitioner mailed something to the Court on September 16, 2005.  Under these circumstances, the Court will assume that Petitioner's motion was filed on September 15, 2005, the date he says he gave the motion to prison officials for mailing.  See Rule 3(d) of Rules Governing Section 2255 Proceedings for the United States District Courts (giving prisoner mailbox rule); Houston v. Lack, 487 U.S. 266, 270 (1988) (same).  However, the motion is still untimely as it was filed approximately four months after the statute of limitations expired.  As such, the motion must be denied on this ground.

3

C.  Merits

Even assuming the motion is not time barred, the government argues that Petitioner's claim of ineffective assistance of counsel lacks merit.  The Court agrees. Whether counsel's performance was constitutionally deficient under the standard set forth by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>Strickland</u> requires that a petitioner first prove that counsel's performance was deficient.  This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." <u>Id.</u> at 687.  Second, a petitioner must show that counsel's deficient performance prejudiced petitioner.  A petitioner may establish prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." <u>Id.</u>  Prejudice also requires that a petitioner show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Id.</u> at 694.  The Sixth Circuit, applying the <u>Strickland</u> standard, has held that a reviewing court therefore must focus on whether counsel's alleged errors "have undermined the reliability of and confidence in the result." <u>McQueen v. Scroggy</u>, 99 F.3d 1302, 1311 (6th Cir. 1996).

Here, Petitioner's allegations of ineffective assistance - that counsel coerced him into pleading guilty and failed to file a direct appeal - are belied by the record.  Petitioner acknowledged at his plea hearing that he was responsible for 1 kilogram of heroin and that he could not appeal his sentence if it was less than the 78 months set forth in the Rule 11 agreement.  Also, as evidenced by the affidavit of Petitioner's counsel, attached as Exhibit 1 to the government's response, Petitioner fully understood his rights and voluntarily plead guilty.

4

IV.  Conclusion

For the reasons stated above, Petitioner's motion under § 2255 is DENIED.

SO ORDERED.

 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  January 8, 2007


I hereby certify that a copy of the foregoing document was mailed to the parties and
Jose Morel, #52425054, McRae Correctional Facility, 1000 Jim Hammock Drive
McRae, GA 31055 of record on this date, January 8, 2007, by electronic and/or ordinary
mail.

 s/Julie Owens
Case Manager, (313) 234-5160