UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN MOREL,

        Petitioner,               Civil Number: 06-CV-13917
                                         Criminal Number: 02-80304

v.

                                         HONORABLE AVERN COHN

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2255. Petitioner Jose Morel (Petitioner) pled guilty under a Rule 11 agreement to conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and sentenced to 70 months imprisonment. Petitioner did not file a direct appeal.

Petitioner then filed a pro se motion under 28 U.S.C. § 2255 claiming that he is incarcerated in violation of his constitutional rights. Petitioner specifically claimed that his counsel coerced him into pleading guilty and failed to file an appeal on his behalf. In other words, Petitioner claimed his counsel was ineffective. The Court denied the motion on the grounds that his motion was untimely and that his claim lacked merit. See Memorandum and Order Denying Motion under 28 U.S.C. § 2255, filed January 8, 2007. Before the Court is Petitioner's motion for a certificate of appealability (COA).

II.

Before Petitioner can appeal the Court's decision, a COA must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, the petition is dismissed on procedural grounds, such as the statute of limitations, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). Where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State

of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

### III.

Having carefully reviewed the file, including Petitioner's motion, the Court finds that for all the reasons stated in the January 8, 2007 order, reasonable jurists would not debate whether Petitioner's motion is time barred or that his claim lacks merit. Accordingly, a COA is DENIED.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 12, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record and Jose Morel, #52425054, McRae Correctional Facility, 1000 Jim Hammock Drive, McRae, GA 31055, on this date, March 12, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160